The Chief Justice
delivered the opinion of the court.
This was an action of covenant, brought by Boothe against Hayden, upon an article of agreement executed by both parties, whereby, as Boothe alledges in his declaration, Hayden demised to him the premises therein mentioned for the term of five years from the first of February, 1815, until the first of February, 1820; and Boothe avers, that in virtue of said demise he entered upon and enjoyed the premises without molestation until the day of in the year 1819, when Hayden entered into and expelled Boothe therefrom.
Hayden craved oyer of the writing declared on, whereby it appeared that Boothe, on his part, had covenanted, among other things, “to put or place no sub-tenants on said tract, or to assign said lease to any other person, or to place any other person in possession without the full consent of said Hayden; and if he should do so at any time, besides a compensation for such damages as may occur, his lease, for that cause, shall forthwith cease and expire, and said Hayden, or his legal representatives, shall be at liberty to enter immediately and oust such sub-tenant as a forcible detainer.” And after setting forth the above recited part of the writing declared on, Hayden pleaded, in substance—1st, That Boothe, contrary to his said covenant, did, on the day of place a sub-tenant, to wit, William Parmer and Rhoda Parmer, on said demised premises, without the will consent of said Hayden, by reason of which Boothe’s said lease did cease and expire, and the said Hayden had a right to enter upon said premises and oust the said Boothe; for which cause the said Hayden, on the day mentioned in the declaration, sued out a writ of forcible detainer, from a justice of the peace, against the said Boothe and the said Palmers, which being executed, and a jury empannelled and sworn, they found a verdict for said Hayden; upon which a judgment was rendered by said justice in favor of said Hayden; and a writ of restitution was issued by said justice, by virtue of which the sheriff of Bourbon, to whom it was directed, delivered the possession of said premises to said Hayden, which are the same premises, entry and ouster, mentioned in the declaration, and not other or dif *354 ferent; and this he avers he is ready to verify, and brings into court the said record of forcible detainer.
A judgm’t of a court of competent jurisdiction is conclusive between the same parties, and for the same cause, either in the same or any other court.
12 June, 1820.
Bibb for plaintiff, Hardin for defendant.
And in a second plea Hayden alledges; in substance, the same matter, except the proceedings on the warrant for the forcible detainer, which are omitted.
To the first plea Boothe replied, that he did not, contrary to his said covenant, place a sub-tenant, to wit, William Palmer and Rhoda Palmer, in possession of said premises without the full consent of the said Hayden. And to the second plea he made the same replication.
To the replication to the first plea, Hayden demurred; and on the replication to the second plea, issue was joined to the country.
The demurrer of Hayden to the replication to the first plea, was overruled; and on the trial of the issue joined upon the replication to the second plea, Boothe obtained a verdict and judgment, from which Hayden prosecutes this writ of error.
The only point we deem material to be noticed, is, whether the replication to the first plea is sufficient or not.—The replication, it will be perceived, without denying that there was such a record of a judgment and writ of restitution, as is alledged in the plea, or otherwise noticing it, and attempting to avoid its effect, traverses the fact of having put into possession of the demised premises a sub-tenant without the full consent of Hayden.
This is evidently attempting to put in issue a fact which must have been involved in, and decided on, the trial of the warrant for a forcible detainer. This, we apprehend, could not be regularly done. The competency of the justice of the peace to issue such warrant, to hold such trial, and to render such judgment, as are alledged in the plea, cannot be disputed; and good policy, as well as the rules of law, forbid that the same points which have been once tried and decided by a competent tribunal, should remain open to be litigated by the same parties. It is accordingly a settled rule, that a judgment of a court of competent jurisdiction is as a plea, a bar, and as evidence, conclusive between the same parties, upon the same matter directly in question, in the same or any other court.
Judgment reversed with costs, and the cause remanded for new proceedings to be had not inconsistent with the foregoing opinion.