## TAAFFE v. JOSEPHSON.

Where a creditor commenced an attachment suit against his debtor on four promissory notes, one of which was not due, and obtained judgment by default : *Held*, that it was fraudulent and void as to subsequent attaching creditors, and that the judgment must stand or fall as a whole.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The defendant L. Samuel commenced suit against defendant Josephson, upon four several promissory notes, due at different times, the last of which was dated May 17th, 1856, and payable six months after date. The suit was commenced on the nineteenth day of November, 1856, and the property of Josephson attached, and judgment subsequently taken against him by default, for the full amount specified in the notes. On the same day, the plaintiff brought suit against Josephson, and subsequently levied their attachment upon the same property, and prosecuted their claim to judgment. The present suit is brought to set aside the judgment of Samuel against Josephson, on the ground that it was fraudulent and void as against creditors, the suit having been commenced and the judgment taken on several notes, *one* of which was not due at the time the attachment was

levied, as the three days of grace had not expired. The decision of the Court below in favor of the plaintiff was predicated alone upon the simple fact that the suit was prematurely brought by Samuel, from which judgment defendants appealed.

*Buckner & Hill* for Appellants.

It seems, in this case, that the only point to be decided is, whether, if a suit is brought on four different notes, three being due at the commencement of the suit and one lacking one of the days of grace, it is such a fraud as will enable the Court, under a creditor's bill, to declare the whole judgment and proceedings null and void as to other and subsequent attaching creditors.

We take the ground, first, that by all the authorities cited it is only fraud in law, shown on the face of the papers, that can vitiate.

We contend that the note in contest, and on which the fraud is found by the Court, was due before the commencement of the suit, though one of the days of grace had not expired; but, at the same time, we contend that the three days of grace is given to no other person than defendant, and defendant had a right to permit judgment by default, confession, or otherwise; and that to taint the judgment, there must be actual fraud shown in the giving or making a consideration of the note for three thousand five hundred dollars, and that the defendant should at least have maintained his judgment for the remainder of his debt, as it was submitted to a jury on the fact of fraud or no fraud, upon which the jury made no finding.

Now, it cannot be disputed that Josephson could have sold his goods to Samuel, or have mortgaged them to him, or have confessed a judgment, if there was no fraud; then why can he not let judgment go by default, if the judgment is *bona fide?* and if not, can a Court take that question from the jury, and cut a man out of his rights, against the decision of the proper tribunal? In all the cases cited, they were based on the fraudulent intent to hinder, delay, etc. In this case there is no such evidence, nor any evidence at all, except the bare fact that suit was instituted one day before the day of grace had expired. Now, if the plaintiff and defendant in the original suit had desired to perpetrate a fraud, it would have been the easiest thing to tear up that note and make one already due, so that this question would not arise. 3 Johns., 20; 20 ib., 296; J. J. Marshall, 223; 11 B. Monroe, 111.

*McConnell* for Respondents.

It will be remembered that the respondents, being at that time attaching creditors of one C. Josephson, filed their bill in equity, to set aside a prior judgment and execution, in favor of the defendant, Samuels, on the ground of fraud.

After the filing of the original bill, the plaintiffs prosecuted

their attachment suit to judgment, and sued out an execution, which was levied on the same goods, which had been covered by the execution of the appellants; which facts were brought to the knowledge of the Court, by means of a supplemental bill.

The course pursued by the respondents has been repeatedly sanctioned by this Court. See the case of Baker *v.* Bartol, decided by this Court, Oct. T., 1856; Hyneman *v.* Dannenburg, Oct. T., 1856; Ryan *v.* Daly et al., July Term, 1856; 1 Story's Equity, §§ 546, 547; Drake on Attachments, 775.

This is the rule in Virginia. See McClung *v.* Jackson, 6 Grattan, 96; and in Georgia, where the subject has been very fully discussed. Brown *v.* Chairnez, 1 Georgia R., 410.

Whether the fact that a part of the demand of Samuel, against the defendant Josephson, was not due at the time of the institution of this suit, is, of itself, sufficient proof of fraud in law, to authorize the Chancellor, by his decree, to postpone the Samuel judgment, until the junior judgment of respondents is satisfied? We say that it was.

We hold that unity is an essential element of every judgment for the recovery of a money demand. Even simple contracts possess this quality of entirety, and it is said by all authors, that, if part of the consideration of a contract be illegal and void, the whole contract is void. Chitty on Contracts, 59–61; Crawford et al. *v.* Morell, 8 Johns. R., 253; Loomis *v.* Newhall, 15 Pickering, 167.

In Charter *v.* Beckett, 7 Term. R., 201, a part of the promise declared on was void, as not being in writing, under the Statute of Frauds, and the King's Bench held that, inasmuch as " a part of the promise was void by the statute, and the agreement being entire, the plaintiff could not separate it, and recover on one part of the agreement, the other being void."

Again, we say that wherever either fraud in law or fraud in fact taints a part of a contract, the whole contract falls to the ground.

This, it is true, is only a branch of the preceding proposition, for, if there is partial fraud in a contract, it is void. Mackin *v.* Cairnes, 5 Cowen R., 548; Hyslop *v.* Clarke, 14 Johns. R., 464; Austin *v.* Bell, 20 Johns. R., 449.

" If property is attached on a writ, founded on two demands, one of them honest, and the other fraudulent, on the part of the plaintiff, and judgment is rendered for the plaintiff, upon both, the attachment is wholly void, as against a subsequent attaching creditor." 12 Pickering R., 397.

In New York the same doctrine prevails. In Wilder *v.* Fondey, 4 Wendell R., 104, the Court of Errors held that "the taking a judgment for a larger amount than is actually due, for the purpose of defeating another creditor, subjects the plain-

tiff to the penalty given by the Statute of Frauds, although a part of the debt covered by the judgment be actually due."

BURNETT, J., after stating the facts, as above, delivered the opinion of the Court—MURRAY, C. J., concurring.

If any part of the entire consideration of a contract is illegal, the whole contract is void. Chitty on Contracts, 371, and authorities referred to in note 1. So, if an entire judgment be composed of several elements, and one or more of them is illegal, the whole judgment is void, as against creditors. 12 Pick., 388, Fairfield v. Baldwin; 22 Pick., 545, Kendall v. Lawrence; 3 Metcalf, 49, Pierce v. Partridge; 4 Wend., 100, Wilder v. Fondey.

There would seem to be no question as to the justness of this position. In the case of Fairfield v. Baldwin, above referred to, it was insisted that the attachment was good, at least in part. In answer to this, the Court said:

" The argument amounts to this, that a man having a just claim to a small sum, who should fraudulently bring forward claims to a much larger amount not due, and who should be detected, should be put in as good a condition, at least, as if he had not mixed the good and the bad together, and consolidated the whole into a judgment. We think the law is directly the reverse, and the fraud corrupts and destroys the whole."

If these views be correct, the judgment of Samuel v. Josephson must stand or fall, as a whole. And it must also be clear, that if there was an actual intent to defraud other creditors, existing in the mind of Samuel, at the time he issued his attachment, that the judgment would be void. The only question then to determine is, whether the fact of knowingly taking a judgment for more than was due at the commencement of the suit, is, in itself, in contemplation of law, conclusive evidence of fraud.

It was held by this Court, in the late case of Alvarez v. Brannan, that fraud may be committed, when there is no fraudulent intention actually existing in the mind of the party at the time the act was done. In other words, the law irresistibly draws the conclusion of fraud from certain established facts, without any further inquiry into the real motives of the party. In the present case, the defendant, Samuel, knew the fact, that the note was not due; and, knowing this fact, he commenced his suit before it was due, and took his judgment for the full amount. And when I say he knew that the note was not due, I mean to say that the law draws this inference from the facts proved. He is presumed to know the law, and whether he did or not, the law holds him equally responsible; and knowing the law, he was bound to know the contents of the note, and that it was not due until after the suit was commenced. And whether any fraud

was actually intended or not, the facts established prove that conclusion. If we concede the fact, that fraud was actually intended, it is difficult to see how the present plaintiffs could prove that fact in any other way, than by showing that Samuel knowingly commenced his action *before* the note was due. An intent, therefore, to defraud and injure other creditors, follows as a matter of course. Every man is presumed to intend the legitimate consequences flowing from his own act. If Samuel could commence his suit *one* day *before* the note was due, and thus gain a priority over other creditors, he could gain the same priority by commencing his suit at any other time before the note was due. If we once break down the limits set by law, then we have no certain rule left.

Our Statute of Frauds requires an immediate delivery of personal property, and an actual and continued change of possession, to make the sale good, as against creditors, and subsequent purchasers in good faith. This rule has been considered by the wisest and best judges as the most simple and efficient, and, therefore, productive of the most good. So the rule, that a creditor who knowingly takes a judgment against a debtor for an amount greater than the debt then due, shall be postponed to other creditors, is plain, intelligible, and efficient, and in the end must be productive of the greatest amount of good.

The cases already cited, though differing in some respects from the present case, seem to sustain the view I have taken. See also, 6 Paige, 108.

For these reasons, I think the judgment of the Court below should be affirmed.