FELIX JONES ET AL. *v.* HAMILTON MOODY ET AL.

ATTACHMENT.  *Collateral attack.  Equitable owner of debt.*

A junior attaching creditor cannot maintain a bill in chancery to vacate a senior attachment, upon the ground that it was sued out by an equitable owner of the note on which it was based and prosecuted to judgment in his name.

APPEAL from the Chancery Court of Copiah County.

Hon. E. G. PEYTON, Chancellor.

The appellants, who attached a stock of goods of their debtor, W. T. Meek, filed this bill to vacate a prior attachment and judgment rendered thereunder, and to compel the sheriff to pay over to them the proceeds of the sale of the goods, upon the ground that Hamilton Moody, who sued out the prior writ, was not the owner of the note upon which it was based, but had indorsed it to W. H. Merkel. The appellees answered that it was so indorsed as collateral security for a smaller debt, and delivered by Merkel to Moody for the latter to sue upon, before the affidavit for attachment was made. At final hearing on the evidence, the Chancellor dismissed the bill.

*A. C. McNair,* for the appellants.

Moody was not a creditor of Meek, and could not therefore maintain the attachment. Code 1880, c. 67; *Henderson* v. *Thornton,* 37 Miss. 448; *Crump* v. *Wooten,* 41 Miss. 611. Merkel, the indorsee, took the property with possession of the note. They are inseparable. *Collins* v. *Martin,* 1 B. & P. 648. Moody, who had not the legal title, could not sue. *Dowell* v. *Brown,* 13 S. & M. 43; *Lake* v. *Hastings,* 24 Miss. 490; *Eckford* v. *Hogan,* 44 Miss. 398.

*H. C. Fairman,* for the appellees.

Moody's ownership of the note was necessarily tried in his attachment suit. That judgment is conclusive, and cannot

be attacked collaterally for an error, if one was committed. *Work* v. *Harper*, 24 Miss. 517; *Wall* v. *Wall*, 28 Miss. 409; *Shattuck* v. *Miller*, 50 Miss. 386.

*Ben King, Jr.*, on the same side.

Merkel held the note in trust, but Moody had the legal title. 2 Parsons on Contracts, 110; *Union National Bank of Chicago* v. *Barber*, Southern Law Rev. 1882, p. 920. The case of *Collins* v. *Martin*, 1 B. & P. 648, is inapplicable. By mutual agreement, the note which had been the subject of a contract of pledge, became Moody's property before the attachment was sued out. *McLemore* v. *Hawkins*, 46 Miss. 715.

CAMPBELL, J., delivered the opinion of the court.

The ground on which a junior attaching creditor may procure the vacation of a senior attachment is that it operates a fraud on him. *Henderson* v. *Thornton*, 37 Miss. 448. He cannot take advantage of mere irregularities in the prior attachment, though constituting good grounds for objection by the defendant, who may waive anything which is no injustice to other creditors. *Ward* v. *Howard*, 12 Ohio St. 158; Drake on Attachment, §§ 262, 273, 274. There was a valid debt, and there was cause for attachment, and although the note had been indorsed by Moody, the payee, and delivered as collateral security to Merkel, his creditor, he had an equitable interest in it, and the mere fact that he sued out the attachment in his name, when it should have been in the name of Merkel, who held the legal title, does not furnish ground for a court of chancery to wrest from him the advantage obtained, when it appears that substantial justice has been done.

*Decree affirmed.*