## HARDWARE COMPANY V. DEERE, MANSUR & CO.

Decided April 12, 1890.

1. *Right of surety to sue for obligee.*

   Although a surety may sue his principal in his own name to obtain indemnity against the debt or liability for which he is bound, he has no implied authority to sue him in the name of his obligee.

2. *Agent's unauthorized act—Ratification—Intervening rights.*

   The subsequent ratification by the principal of the unauthorized bringing of a suit in his name by an agent will not be allowed to defeat rights of third persons acquired between the act of the agent and the ratification by the principal.

3. *Attachment—Grounds for intervention by another attaching creditor.*

   While an attaching creditor cannot intervene in a prior attachment suit to contest the grounds of attachment or to defeat the attachment for mere irregularities, he may intervene in another attachment suit to deny the validity of the attachment lien or to contest its priority.

APPEAL from *Crawford* Circuit Court.

JOHN S. LITTLE, Judge,

Reynolds Bros. were indebted to Decre, Mansur & Co on certain notes. William Reynolds, father of Reynolds Bros., was surety on these notes, and, without the knowledge or consent of appellees, instructed his own attorneys to bring suit on the notes in the name of appellees and to procure attachments against the property of Reynolds Bros. The Caruth-Byrnes Hardware Co. likewise procured an attachmen

against the property of Reynolds Bros. Subsequently Deere, Mansur & Co. ratified the act of William Reynolds in bringing suit and procuring attachment in their name. Judgment by default was rendered in both attachments. Thereupon appellant company petitioned to intervene in appellees' attachment suit, and asked that their claim be subordinated to its claim.

The court found the facts to be as alleged, and held that William Reynolds, as surety upon the notes mentioned, had the right to bring the attachment suit without the authority of appellees; that the ratification of appellees related back to the filing of the suit; and that the lien of their writ of attachment was prior to that of appellant's attachment.

*O. P. Brown* and *Sandels & Warner* for appellant.

1. Secs. 6395-6-7 give the surety the right to maintain an action and provide for its enforcement. 31 Ark., 511. It must be construed strictly. If the surety, however, elects to sue in the name of his principal, he simply acts for the payee, and is governed by the rules governing any other agent. The affidavit was made by J. W. Frederick, who was neither the agent nor attorney of Deere, Mansur & Co. Under sec. 310, Mansf. Dig., the affidavit as to the debt due was good, but sec. 362 requires in case of a debt not due, that the complaint must be verified by plaintiff, his *agent* or *attorney*. So the affidavit so far as the debt not due is concerned, was no affidavit, and no lien was created thereby. Drake, Att., secs. 131, 83, 86, 93; Waples, Att., pp. 76, 82; 3 Metc. (Ky.), 278; 10 Kan., 88; 58 Wis., 310.

The ratification by a principal of the act of an unauthorized agent does relate back to the time of the original act *so far as the principal and agent and any person who may have acquired rights upon the faith of such acts*, but there is no law of agency that will hold that such a ratification will

date back so as to give the principal priority of lien over subsequent lienors.

2. There was evidence to show fraud and collusion between the debtor and creditor, and thereby the lien of appellees was deferred.

3. Secs. 362, 363, 364, Mansf. Dig., were not complied with, and appellees obtained no lien.   Neither the complaint nor affidavit state the nature of plaintiff's claim, nor when the same will be due; neither are verified by plaintiff, his agent or attorney; and no order of attachment was made by the clerk, judge or court.   44 Ark., 404; 3 Ark., 501; Drake, Att., sec. 85; 62 Mo., 585; 60 Ill., 328; Waples, Att., 320, 331.

The clerk issues the writ, and is a ministerial act.  3 Ark., 352, but the *order* must first be made, and in making the order the clerk acts for the court.   Drake, Att., secs. 87, 89; 1 Pinney, 95; 1 Pinney, 348; 12 Johns,, 178; Waples, Att., 134, 136; 3 S. E. Rep., 460; 3 S. E. Rep., 753; 7 S. E. Rep., 257; 11 Neb., 299.

*J. E. Joyner* and *Cohn & Cohn* for appellees.

1. No outsider or junior intervening creditor can be heard to question the attachment, except for fraud or collusion.   47 Ark., 31, 49, 54; 50 Ark., 444; 50 Ark., 446; 22 Fed. Rep., 61; 93 U. S., 163.   A writ issuing from a court of competent jurisdiction, with power to compel its enforcement, and in a case where the cause of action and the parties to it are before the court and within its jurisdiction, is not void by reason of mistakes in the preliminary acts which precede its issue.   *Supra;* 10 Wall., 308; 109 U. S., 216; 109 U. S., 220; 10 Peters, 449; 50 Ark., 338; 50 Ark., 188; 42 Ark., 17; 90 Mo., 357; 109 Ind., 62; 21 Ill. App., 432; 64 Cal., 296.

It was competent for the debtor to allow judgment to go upon a claim not due, and doing so involved no prejudice to

other creditors of which they could complain. 61 Miss., 599; 68 Ill., 185; 6 S. W. Rep., 237; 7 S. W. Rep., 5; 44 Ark., 404 to 408.

2. It is shown that the suit was originally instituted at the instance of the surety, in the name of the payee, who subsequently ratified the proceeding.

(*a*) It is claimed that it was the duty of the attacked party to show that this ratification preceded the appellant's attachment. The party holding the affirmative of an issue must produce the evidence to prove it. Mansf. Dig., sec. 2870. The presumption is that the agent had authority. 25 Ark., 219, 221, 222; 6 Iowa, 400; 18 Ark., 236, 244.

(*b*) The surety could have brought the suit without regard to any statute, upon general principles of equity. Brandt, Suretyship etc., secs. 192-3. The selection of a law tribunal did not oust the court of jurisdiction. 51 Ark., 235-9; 49 Ark., 20, 22. See also 59 Miss., 327.

If the principal recognize and affirm the existence and acts of an agent, a mere stranger will not be permitted to controvert either. 1 Doug. (Mich.), 119, 149. The intervenors are strangers. 47 Ark., 42. See also 14 Gray, 486; 7 H. & N., Exch., 686; 11 Ark., 378.

As to the effect of ratification on third persons. Wharton, Agency, sec. 80.

3. The authorities cited by appellant's counsel have little point or application. Those to show that the affidavit was defective do not touch the point, and if they did would be disregarded under our decisions. 47 Ark., 47-8; 47 Ark., 49; 18 Ark., 236, 244. The cases in 1 Pinney and 11 Neb. not applicable.

The question in 3 S. E. Rep., 458, is one of practice, and available only by defendant. 22 Fed. Rep., 65.

HEMINGWAY, J. Assuming that the attachment sued out in the name of the appellees was not vitiated by fraud or

collusion, we must decide, 1st, if it was their attachment, and if so, 2d, when was the lien fixed in their favor?

1. Right of surety to sue for obligee. The right of attachment is incident to a civil action and dependent upon it. Mansf. Dig., sec. 309. An action is a formal demand of one's rights from another person in a court of justice.

The plaintiff may bring an action either directly in person, or indirectly through an agent, but his assent. in one way or the other is essential, and unless his mind does thus enter into it, it is not his action.

Sec. 6396, Mansf. Dig., authorizes a surety to bring an action against his principal to obtain indemnity against the debt or liability for which he is bound, but it does not authorize him to sue in the creditor's name. The surety failed to do what he might have done, and did what he had no authority to do.

In *Jones v. Moody*, 59 Miss., 327, a junior attaching creditor sought by bill in chancery to vacate a senior attachment on the grounds that it was founded on no debt, and was a fraud. The attachment assailed was in favor of a party who had owned the note sued on, but assigned it as collateral; the court held that, although not a proper party to sue, he had an interest in the note, and that the attachment in his favor was not a fraud. It did not hold that he could sue for his assignee without authority. The attorneys who filed the complaint were not authorized to collect the debt for Deere, Mansur & Co., or in any way to act for them; in fact, it is not contended that there was any authority of any kind to institute the action in their favor, and it follows that it was not in fact their action. But they were notified of its institution by the attorneys who had assumed to act for them, and expressly ratified the unauthorized act. That a party may adopt a suit brought in his name without his consent, was ruled in the case of *Craig v. Twomey*, 14 Gray, 486, and seems to follow from the general rules applicable to the relation of

principal and agent. Of this we entertain no doubt, but the difficulty arises in considering the effect of the ratification in this case.

The appellees contend that "every ratification of an act already done has a retrospective effect, and is equal to a previous request to do it." This is a rule applicable to the subject, and if given in this case the broad meaning it conveys, the effect is to give to every act done in this action, including the attachment proceeding, the same effect as if they had been originally authorized.

*2. Effect of ratification of agent's unauthorized act upon intervening rights.*

But the rule has its exceptions, as well recognized and as generally approved as the rule itself. Without attempting to indicate to what extent the rule applies, or to specify the exceptions that are recognized, we hold that where, prior to the ratification, third persons have in good faith acquired substantial rights, or have been placed in such position in reference to the transaction that they will be prejudiced by such retroactive effect, the ratification will not be allowed to cut out or prejudice those rights. The benefit of this exception has been extended to protect the rights of intervening purchasers and lienors by attachment and otherwise. Mechem on Agency, sec. 168; Wharton on Agency, sec. 78; *Wood v. McCain*, 7 Ala., 800; *Taylor v. Robinson*, 14 Cal., 396; *Johnson v. Johnson*, 31 Fed. Rep., 700.

Mr. Wharton, by way of illustrating the rule and its exceptions, puts a state of case as an exception which is a counterpart of the case at bar.

The Supreme Court of Massachusetts, in the case of *Baird v. Williams*, 19 Pick., 381, which involved the same questions upon the same facts, said: "If it be urged, that the subsequent assent of the creditors relates back to the making of the note, and makes the transaction valid *ab initio*, the plaintiffs are met by the well known rule, that this principle of relation, equitable in itself between the parties, is not to be construed as overreaching mesne liens, and rights accrued to others before the consent and ratification."

It may be that there are certain kinds of acts, done for another without authority, so manifestly for his benefit that all parties dealing in relation to the matter would be held to know, and the law would presume, their ratification. Be that as it may, no such presumption exists as to attachments and their incident liabilities.

As the appellant had acquired its lien before the appellees had adopted this action, it follows that the lien of the latter became fixed as against the former at the time of the ratification, and is subsequent to its lien.

3. Grounds for intervention in attachments.

The appellees contend that appellant cannot question the validity of their lien, and cite to sustain them the case of *Sannoner v. Jacobson*, 47 Ark., 31. The objection urged by appellant in this case did not go to the grounds of the attachment or the irregularities of the proceeding, but deny the validity of the attachment and attack the ground-work of the lien. A prior lien would be of little value if the lienor could not assert it, but the law affords him the opportunity. Mansf. Dig., sec. 356.

Without considering the question of fraudulent and collusive attachments pressed by counsel for the appellant, we conclude that the finding of the circuit court shows that its lien is prior to the lien of appellees.

The judgment will be reversed and the cause remanded, with directions to the circuit court to render judgment in accordance with the law as herein announced.

SANDELS, J., being disqualified, did not sit in this cause.