## MEINHARD BROS. v. YOUNGBLOOD.

1. APPEARANCE—DEFECTS CURED.— Where defendants appear and answer, all defects in their service by publication are cured.

2. CAUSE OF ACTION—INSOLVENCY—FRAUD.—Where the complaint alleges an indebtedness by defendant Y., and his insolvency, and that the other defendants, by fraudulent collusion with Y., had procured all of Y.'s estate to be attached for the preferred payment of their claims, sufficient facts are stated to constitute a cause of action against all of the defendants.

3. CIRCUIT DECREE—ADDITIONAL GROUNDS.—The Circuit Judge having held that the facts were insufficient to constitute a cause of action, confining his attention to the provisions of the assignment law, the appellant may

show that there was error in his ruling in the light of other legal enact-
ments.

4. ACTION—FRAUD—NULLA BONA.—Simple contract creditors, suing for them-
selves and all other creditors, may maintain action against their insolvent
debtor and others to set aside transactions for actual moral fraud, without
first obtaining judgment and return of *nulla bona.*

5. PETITION FOR REHEARING refused, the grounds relied upon having been
necessarily involved in the opinion, even though not specifically mentioned.

Before WITHERSPOON, J., Abbeville, June, 1891.

This is a branch of the case next *supra.* The two defendants,
who had procured the attachments, answered separately, but
both answered, "not waiving any objection to the jurisdiction
of the court, or to any other matter whatever, but expressly
protesting against any exercise of jurisdiction by the court in
this case."

At the trial these defendants demanded proof of the service
upon them. This being refused, they then moved to set aside
the service, upon the grounds that the affidavit for publication
did not show a cause of action against them, and because the
summons as published did not state where the complaint was,
or would be, filed. This motion was also refused. Defendants
excepted, and then moved to dismiss the complaint on the
grounds stated in the Circuit decree, which was as follows:

The defendants, Witz, Biedler & Co., Hurst, Purnell & Co.,
and W. D. Mann, as sheriff, demur orally to the complaint in
the above entitled action, upon the following grounds: 1. Be-
cause it appears from the complaint, that the court has never
acquired jurisdiction of the persons of the defendants, Witz,
Biedler & Co., and Hurst, Purnell & Co., according to the pro-
visions of the Code of Procedure. 2. Because the complaint
does not state facts sufficient to constitute a cause of action
against the defendants.

It appears that the defendants, Witz, Biedler & Co., and
Hurst, Purnell & Co., are non-resident creditors of the de-
fendant, J. T. Youngblood, a citizen of Abbeville County,
and, that the summons in this action was served upon said non-
resident defendants, under an order for publication, granted
by the clerk of the court. It also appears that said non-resi-

dent defendants, under separate writs of attachment, caused the defendant Mann, as sheriff, to levy upon all the property of the defendant, J. T. Youngblood, prior to the commencement of this action. It is urged, in support of the first ground of the demurrer, that the non-resident defendants, Witz, Biedler & Co., and Hurst, Purnell & Co., did not acquire under the levy, or under the writs of attachment, such a claim or interest in property in this State as would authorize the clerk of the court to grant the order for the publication of the summons, under section 156 of the Code. I conclude, that the court has acquired jurisdiction of the persons of the non-resident defendants, Witz, Biedler & Co., and Hurst, Purnell & Co., under section 156 of the Code, and the first ground of the demurrer is overruled.

Does the complaint state facts sufficient to constitute a cause of action against the defendants interposing the demurrer? It was stated by plaintiffs' counsel at the hearing, that the object of the above entitled action was to have the writs of attachment issued at the instance of the defendants, Witz, Biedler & Co., and Hurst, Purnell, & Co., and the levy by the sheriff upon the property of the defendant, J. T. Youngblood, under the said writs of attachment, set aside, and adjudged to be null and void, under the assignment act of 1882. The eleventh paragraph of the complaint is relied upon as containing sufficient allegations to entitle the plaintiffs (who sue on behalf of themselves and other creditors of Youngblood) to relief, under the assignment act of 1882. The allegations of said paragraph are as follows : "That the issuing of said attachments, and the levy of all the defendant's property thereunder, is an attempt to give a preference to the said Witz, Biedler & Co., and Hurst, Purnell & Co., over the other creditors of the said J. T. Youngblood, and the plaintiffs believe, and so charge, that the transaction was, and is, collusive, and is a fraud upon the rights of all other creditors, and they further allege that the said proceedings are void upon their face, and, unless set aside, they have no other means of protecting themselves from such injustice and preference."

Some of the other allegations of the complaint relate to mat-

30—37

ters of evidence and others are irrelevant. It is alleged in the complaint that the affidavit upon which the writs of attachments were issued were wholly insufficient, and that the defendant Youngblood declined to move to set aside said writs of attachment or to allow other creditors to do so without cost to himself. Youngblood alone could move to set aside the attachments, but his failure or refusal to do so cannot have the effect to bring the transaction within the provisions of the assignment act of 1882. There must be some positive act upon the part of the debtor, with intent to give a preference, to bring the transaction under the act of 1882. The mere non-action of the debtor is not sufficient. It is not alleged in the complaint that the defendant, J. T. Youngblood, procured his property to be attached, and I conclude that the allegations in the eleventh (11) paragraph of the complaint are too indefinite, and that the complaint does not state facts sufficient to constitute a cause of action under the assignment act of 1882.

It is, therefore, ordered and adjudged, that the demurrer be sustained upon the second ground as above stated, and that the complaint of the plaintiff be dismissed with costs.

From this decree plaintiffs appealed on the following ground: Because the presiding judge erred in sustaining the defendant's oral demurrer, and dismissing the complaint on the ground that it does not contain facts sufficient to constitute a cause of action.

The defendant creditors urged the following additional grounds in support of the decree of dismissal: 1. That his honor should have granted the motion of said defendants to set aside the service of the summons upon said defendants for the two reasons, that the affidavit to obtain publication of the summons did not show that a cause of action existed against said defendants, and that the summons as published does not state where the complaint was, or would be, filed. 2. Because it was error in his honor not to require the plaintiffs to make proof of service of summons upon said defendants, who denied that any service had been made upon them, demanded proof thereof, and announced that they appeared only for the pur-

pose of making a motion to set aside the alleged service of the summons upon them, and of protesting against any exercise of jurisdiction by the court.    3. That it appears upon the face of the complaint that the court has not jurisdiction of the persons of the said defendants.

*Messrs. Benet & Cason,* for appellants.

*Messrs. Graydon & Graydon,* contra.

September 26, 1892.   The opinion of the court was delivered by

MR. JUSTICE POPE.   This is an appeal from the order of Judge Witherspoon, who heard the cause at Abbeville in the Court of Common Pleas, at the June term, 1891, of said court, dismissing the complaint because it failed to state facts sufficient to constitute a cause of action.   The respondents having made a motion to set aside the proof of service upon them by publication, and this motion having been refused, the respondents give notice that they will in this court use this error of the Circuit Judge in fortifying his dismissal; on the ground, in other words, that he ought to have dismissed the complaint on this ground, even if he was in error as to the oral demurrer.

We will consider respondents' proposition in relation to the alleged defective service by publication against the defendants. Witz, Biedler & Co., and Hurst, Purnell & Co., both, are non-residents of this State, residing in the city of Baltimore, Maryland.   They had by proceedings in accordance with the laws of this State attached all the property of the defendant Youngblood on the 5th January, 1891, in the County of Abbeville, South Carolina, and such property so attached was in the hands of Mann, the sheriff of Abbeville County, under such attachment.   Plaintiffs brought their action to vacate such attachments.   It became necessary to serve the non-resident defendants by publication.   It is claimed by defendants that such effort was fatally defective.   The decisions of this court render any consideration of the alleged defects in such service by publication entirely unnecessary.   It has been held by this court that where such defendants come in and answer

the action as to its merits, they thereby cure any defects in the publication or service otherwise. The effect of such a step on the part of such defendants is equivalent to personal service of the summons, or, as it is stated in *Toland* v. *Sprague*, 12 Peters, 330, "that exemption from liability to process is a personal privilege which may be waived; and that appearing and pleading will produce that waiver." In *Graveley* v. *Graveley*, 20 S. C., 104, it was held: "For it seems to us that by answering to the merits, she properly submitted herself to the jurisdiction of the court, and the matter stands as if she accepted service, or authorized her attorney to do so for her"—citing *State* v. *Sarratt*, 14 Rich., 29. Also, see *Oliver* v. *Fowler*, 22 S. C., 540. Not only in those cases, but in *Chafee* v. *Postal Telegraph Co.*, 35 S. C., 378, this principle was again affirmed as the law of this State. We must, therefore, in this particular, hold that the Circuit Judge did not err.

We will next consider the ground of appeal of the plaintiffs, appellants, viz.: That the Circuit Judge erred in sustaining defendants' oral demurrer, on the ground that it did not state facts sufficient to constitute a cause of action. What are the causes of action as fixed by the allegations of the complaint? The plaintiffs allege that the defendant Youngblood was indebted to them on the 5th January, 1891, in the sum of $2,091.35, as evidenced by his notes therefor. This is a cause of action against one of the defendants, Youngblood. Next, that all the defendants have invaded his rights by taking, and procuring to be taken, under the guise of attachment proceedings, the whole estate, real and personal, of Youngblood, who is utterly insolvent, so that defendants claim a prior lien thereon, which will exhaust the whole estate, thereby leaving creditors to nearly two-thirds in amount of said Youngblood without any portion of his estate to apply to the payment of their claims, and that all such transactions were collusive and are a fraud upon the rights of all other creditors.

It is the opinion of every man who extends credit to another person, that in case of the failure to discharge such debt by the debtor himself, his property, under the law, can be made by sale to discharge the same, if sufficient in value; that in the

event there should prove more creditors than one, such property when sold shall be applied equally to the adjustment of such creditors. It is equally understood, that if by reason of superior diligence a *bona fide* advantage is obtained by one of such creditors over the remaining creditors, so that his claim on such debtor's property is preferred in payment over the others, that advantage is sustained by the law. But if in the obtaining such advantage by one creditor over the balance, there is any collusion, unfair means, or fraud between the creditor and the debtor, the law very wisely upsets such unfairness. Testing the allegations of this complaint by this simple enunciation of the rule, we do not see how the Circuit Judge sustained this demurrer.

The Circuit Judge refers to the provisions of section 2014 of the General Statutes as in his mind when he dismisses the complaint, but a careful study of its different allegations causes us to hesitate in accepting such a construction. Why should the plaintiff narrow his line of attack? He alleges a fraudulent collusion between certain parties, whereby his right of property is invaded. At least two remedies exist in law to give him relief, if he can prove his charges. Why should it be said that he takes one remedy to the exclusion of the other? He said so in his argument at bar in the Circuit Court. If the respondents can furnish additional grounds, while in this court, to those of the Circuit Judge, in his own behalf, why may not the plaintiff, appellant? Such question was not passed upon by the Circuit Judge, says some one. What was passed upon by the Circuit Judge, but the insufficiency of the allegations of the complaint to support a cause of action? And if error in such conclusion, while being heard on appeal, can be shown, it is legitimate for the appellant to do so. And, as before remarked, we think he is so entitled to upset this demurrer.

But, again, it is urged that the plaintiffs not being judgment creditors, when a return to his execution by the sheriff of *nulla bona* exists, that he is not entitled to maintain this action. Be it remembered, that this, confessedly, is a creditors' bill, for all creditors who shall come in, &c. The eye of

this court foresaw just such business troubles when the present Chief Justice penned the judgment in *Miller* v. *Hughes*, 33 S. C., 538.   There objection was raised, that Miller, although a creditor of Hughes, was not a judgment creditor with an unsatisfied execution endorsed by the sheriff with a return of *nulla bona*, and this court said: "But we do not agree that, in a case like this, it was essential to allege that the plaintiff had recovered judgment and obtained a return of *nulla bona* on their execution.   It is quite true that such an allegation is necessary in a complaint to set aside a voluntary conveyance upon the ground of *legal* fraud merely, for the reason, that in such a case there is no fraud, which is the real foundation of the action, until it has been made to appear that the debtor has no other property to which his creditor may resort for payment of his debt, except that embraced in the voluntary conveyance; and this, it is supposed, can best be shown by the return of *nulla bona*.   See the remarks of Chief Justice Simpson, in reference to this subject, in *Suber* v. *Chandler*, 18 S. C., 526.   But when the conveyance or other transfer is assailed, upon the ground of actual moral fraud in its inception, the case, as it seems to us, stands upon a totally different footing, and should not be subject to the same arbitrary rule in regard to the mode of proof of one of the facts necessary to be established, for it certainly is an arbitrary rule, that the fact that there is no other property of the debtor to which the creditor can resort for satisfaction of his demand, except that embraced in the fraudulent conveyance, can only be established by a *nulla bona* return. The true view of this matter is clearly and strongly presented by that eminent jurist, Johnston, Ch., in his Circuit decree in *Pettus* v. *Smith*, 4 Rich. Eq., 200, 201."

The allegations of this complaint are, that the attachments cover the whole of the estate, real and personal, of the defendant, J. T. Youngblood; that such property only amounts to about $3,500, while he owes $12,000; and that he is utterly insolvent.   Why should these plaintiffs, suing for themselves and other creditors, await judgment at law and return of *nulla bona* on their execution?   Then, again, it should be remembered that the plaintiffs, under any event, would have been

2   entitled to their judgment against Youngblood, and that, to this extent, the complaint was not defective.

It is the judgment of this court, that the judgment of the Circuit Court, wherein Judge Witherspoon dismissed the complaint, be reversed, and that the action be remitted to the Circuit Court for trial.

In this case, and the case next *supra* between the same parties, a petition was filed, asking for a rehearing in behalf of defendants, on the grounds that the court had not passed upon some of the grounds urged by these petitions, and had considered grounds urged by the appellants from the decree of Judge Witherspoon, when no such grounds had been taken on Circuit.

December 15, 1892.    The following order was passed

PER CURIAM.    After a careful consideration of this petition, in connection with the opinion heretofore filed in this cause, we are unable to perceive that any material fact or principle of law has either been overlooked or misunderstood.    For, while it may be true that every question presented by the argument may not have been specifically referred to in the opinion, yet it is clear that the principles laid down in the opinion, as controlling the decision, necessarily imply that all these questions were considered and determined.    It is, therefore, ordered, that the petition be dismissed, and that the stay of the *remittitur* heretofore granted, be revoked.