LANE *vs.* LEVILLIAN, ADM'R.

The common law rule on demurrer, is, that where there are good and bad counts in the same declaration, and a general demurrer, the plaintiff has judgment on the demurrer.

Where a person gives a continuing guaranty, or one relating to future transactions, he has a right to know whether his guaranty has been accepted, or to what extent he may be liable; and demand of the principal, and notice to the guarantor, are necessary, to charge him.

When the debt has become due and absolute when the guaranty is given, the guarantor's obligation is not considered secondary or collateral, but primary and positive, and no demand or notice is necessary.

Nor when the guaranty is, that the debt shall be paid by a particular day.

All the later cases seem to tend to dispense with demand and notice, unless the guarantor's liability is shown, either by his express contract, or by its necessary implication, to be a collateral agreement; provided the creditor's delay be unaccompanied by fraud, or an agreement not to prosecute the principal, made without the guarantor's assent.

By the laws of Louisiana, which govern in all cases of contracts made there, upon a guaranty made after a note has become due, no demand or notice is necessary.

The case of *Ringgold* vs. *Newkirk & Olden*, explained and restricted.

THIS was an action of assumpsit, determined in the Union Circuit Court, in November, A. D. 1835, before the Hon. EDWARD CROSS, one of the Territorial Judges. William and Ebenezer Lane sued Thomas Franklin, in assumpsit. The declaration contained three counts. The first stated that one Thomas B. Franklin had, on the 27th of January, 1829, made a note, at New-Orleans, to the plaintiffs, due the 1st of May, 1829, for $809 61, with interest at ten per cent. after due; that Thomas B. Franklin was dead; that the note never had been paid, in whole or part, and the whole sum and interest still remained due; that the defendant, Thomas Franklin, on the 17th of June, 1829, at New-Orleans, endorsed on the note his guaranty, under his signature, and thereby, in consideration of one dollar to him in hand paid, guaranteed the payment of the note.

The second count is upon a promise by the defendant to pay the plaintiffs the amount of a bill of exchange for $100, accepted by the plaintiffs for his accommodation, and by them paid.

The third is a common money count.

The general breach alleges the non-performance of the guaranty, and the non-payment of the moneys mentioned in the two last counts.

Lane vs. Levillian.

A general demurrer to the declaration was sustained; and the plaintiffs appealed to the Superior Court of the Territory. Franklin having died, the suit was revived against his administrator.

*Pike*, for the appellants.

On general demurrer to the whole declaration, there being two good counts, it should of course be overruled. *Duppa vs. Mayo*, 1 *Saund. R.* 286. *Pinckney vs. Inhabitants of East Hundred*, 2 *Saund. R.* 379. *Bressy vs. Humphreys*, Cro. Jac. 557. *Com. Dig. Pleader* Q. 3. *Amory vs. Brodrick*, 5 B. & A. 715.

But the most important question to the parties is, as to the liability of the defendant on the guaranty stated in the first count. It was made in New-Orleans, and endorsed upon a promissory note; and, consequently, the laws of Louisiana determine its effect, and the obligations created by it. This has already been argued by us, and decided by the Court, in *Ringgold, Adm'r, vs. Newkirk & Olden*, 2 *Ark.* Sureties, endorsers, and guarantors, are liable everywhere, only according to the law of the place of their contract. *Story on Cons. of Laws*, 2d ed. 223.

In Louisiana, if a person endorses his name on a note not negotiable, he becomes a surety for the principal; and, when sued, he cannot set up, as a defence, that the note was not protested, or notice of non-payment given to him. The negligence of the creditor, in not suing the principal, will not avail the surety, unless the negligence can be considered as amounting to an act whereby he can no longer subrogate the surety to his own rights against the principal. The question is, is the surety entitled to the benefit of the action *cedendarum actionum?* But the exception *cedendarum actionum* cannot be opposed to the creditor, unless, by a *positive* act on his part, he has rendered himself incapable of ceding his action against the debtor, by *discharging his person or property*, or unless, by allowing a demand, which he has instituted, to be dismissed, he has laid himself open to the suspicion of collusion. *Cooly vs. Lawrence*, 4 *Martin*, 639.

By the common law, a promise to pay a debt already incurred by a third person, is a *nudum pactum*, and not available, if there be no new consideration, as forbearance, &c., and credit was not given at

the promissor's request; and this is equally the rule where the guaranty is in writing. *Elliot vs. Giese,* 7 *Har. & John.* 457. *Wood vs. Benson,* 2 *Cromp. & Serv.* 94. *Elder vs. Warfield,* 7 *Har. & John.* 391.

But even by common law principles, there is a distinction, as to the responsibility assumed by the guarantor, and the steps necessary to be taken to charge him, growing out of different kinds of guaranties. Thus, where a mercantile guaranty is given, by which A. guarantees to B. the payment of all sums for which he shall credit C., or the payment of a certain sum to be credited on advance to C. *in futuro,* a demand of payment should be made of the original debtor; and, in case of non-payment, notice of such demand and non-payment must be given in a reasonable time to the guarantor, in order to charge him. So it was held in *Douglass et al. vs. Reynolds et al.* 7 *Peters,* 126. See *Van Wart vs. Woolley,* 5 *D. & R.* 374; *S. C.* 3 *B. & C.* 439.

At first sight, there would seem to be much conflict of decision in the common law courts, on this question of demand and notice. Thus, in *Warrington vs. Furber,* 8 *East.* 242; *Phillips vs. Astling,* 2 *Taunt.* 206; *Cannon vs. Gibbs,* 9 *Serg. & Rawle,* 202; *Sage vs. Wilcox,* 6 *Conn.* 81; *Oxford Bank vs. Haynes,* 8 *Pick.* 423, and some others, demand and notice have been held necessary, except where the principal debtor is insolvent. In *Redhead vs. Carter,* 1 *Stark. R.* 14; *Goring vs. Edwards,* 6 *Bing.* 94; *Allen vs. Rightmere,* 20 *J. R.* 365; *Williams vs. Grainger,* 4 *Day,* 444; *Cobb vs. Little,* 2 *Greenl.* 261, and others, to which we shall hereafter refer, such demand and notice has been held not to be necessary.

The essence of the engagement of a guarantor who guarantees the payment of a pre-existing debt, is said to be, that the debt shall be paid, if the creditor shall take the usual and legal steps to secure it, or render the principal's liability absolute. *Reed vs. Cutts.* 7 *Greenl.* 190.

It is now well established, by the recent and better authorities, that a guaranty endorsed on a note *past due,* imports and expresses a sufficient consideration, as required by the statute of frauds; for the presumption that it was made in consideration of forbearance to sue,

Lane *vs.* Levillian.

arises from the fact of its having been made after the note fell due; and, further, a statement that it is made "in consideration of one dollar in hand paid," is a sufficient expression of consideration, as are the words "value received."

No demand on the principal debtor, or notice to the guarantor, is necessary, when the guaranty is endorsed on a note past due. This is clearly settled. *Allen vs. Rightmere,* 20 *J. R.* 365. *Reed vs. Cutts,* 7 *Greenl.* 190. *Cobb vs. Little,* 2 *Greenl.* 261. *Reed vs. Hillhouse,* 7 *Conn.* 523. *Morton vs. Eastman,* 4 *Greenl.* 526. *Boyd vs. Cleaveland,* 4 *Pick.* 525. *Seymour vs. Van Slyck,* 8 *Wend.* 421. *Oakley vs. Boorman,* 21 *Wend.* 590. *Josselin vs. Ames,* 3 *Mass.* 274. *Watson vs. McLaren,* 19 *Wend.* 557. *Lee vs. Dick,* 10 *Peters,* 496.

And the great weight of authority now is, that even on a guaranty endorsed on a note *before* it is due, no demand or notice is necessary. It is an absolute undertaking, and the guarantor should see whether the debtor pays, and if not, pay himself. The promise of the guarantor is made upon one solitary contingency, and that is, the non-payment of the money by the principal debtor. The rule that reconciles all the cases is, that demand and notice is only necessary as regards the guarantor, where it is necessary to fix the liability of the principal. *Theobald on Principal and Surety.* And these principles are directly decided in *Reed vs. Cutts,* 7 *Greenl.* 191; *Cobb vs. Little; Morton vs. Eastman; Boyd vs. Cleaveland; Seymour vs. Van Slyck; Mann vs. Eckford's Ex'rs,* 15 *Wend.* 508; *Hough vs. Gray,* 19 *Wend.* 202; *Watson vs. McLaren,* 19 *Wend.* 551; *Lee vs. Dick,* 10 *Peters,* 496.*

---

*Note.—The cases which hold that, under a contract guaranteeing a debt yet to be made by another, the guarantor is not liable to a suit, without notice that the guaranty is accepted and acted on, *have* (it is said) *no foundation in English jurisprudence.* All the cases requiring guarantors to be treated as mere endorsers, rest on the dicta of two distinguished American Judges—Marshall, Ch. J., in *Russell vs. Clark's Ex'rs,* 7 *Cranch,* 69–92; Story, J., in *Cremer vs. Higginson,* 1 *Mason,* 323, 340, and *Russell vs. Perkins, ib.* 368, 371. Upon these dicta, says Cowen, J., in *Douglass vs. Howland,* 24 *Wend.* 35, are based *Babcock vs. Bryant,* 12 *Pick.* 133; *Rapelye vs. Bailey,* 3 *Conn.* 438; *Green vs. Dodge,* 2 *Ham.* 430; *Norton vs. Eastman,* 4 *Greenl.* 521; *Douglass vs. Reynolds,* 7 *Peters,* 113; *Edmondstone vs. Drake,* 5 *Peters,* 624. And he remarks, that *no* English case sustains these principles. Though not bearing particularly on the case above decided, an examination of this question may be interesting to the learned reader.

It is also held, that no demand or notice is necessary, where the guaranty is an express promise to pay if the principal do not, in *Ketchell vs. Burns,* 24 *Wend.* 456.

The New-York Court has gone still further, in a very late case, and held that one who guarantees the payment of a negotiable note, absolutely, by an endorsement on it

*Lane vs. Levillian.*

It is also perfectly well settled, that where a man puts his name on a note not negotiable, with intent to guarantee its payment, you may write a guaranty, indeed, a promissory note, over the name, and express a valuable consideration. *Oakley vs. Boorman*, 21 *Wend.* 590. *Josselin vs. Ames*, 3 *Mass.* 274. *White vs. Howland*, 9 *Mass.* 315. *Hunt vs. Adams*, 5 *Mass.* 358. *Palmer vs. Grant*, 4 *Conn.* 389. *Beckwith vs. Angell*, 6 *Conn.* 315.

Even where *demand* is necessary, the creditor is never required to *sue* the debtor, before he can proceed against the guarantor. *Reed vs. Cutts*, 7 *Greenl.* 193. *Lock vs. United States*, 3 *Mason*, 446. *Hunt vs. Bridgham*, 2 *Pick.* 583. *U. States vs. Kirkpatrick*, 9 *Wheat.* 724. *Kennebec Bank vs. Tuckerman*, 5 *Greenl.* 130. *Douglass vs. Reynolds*, 7 *Peters*, 126.

But, as this contract was made in Louisiana, all the obligations resulting from it are created by the laws of Louisiana. By them it is to be ascertained whether it is a valid guaranty; whether it is absolute or conditional; and whether, by the laws of that State, the guarantor, in making it, agreed to pay with or without demand and notice. Those laws determine his liability. If he could be sued there without demand and notice, he can be sued here in the same manner.

It is a valid guaranty by those laws, and for sufficient consideration. *Flood vs. Thomas*, 5 *Mar. N. S.* 560. *Barrow vs. Caseaux*, 5 *Louis. R.* 78. The surety has the right of suing the principal debtor for indemnification, when the debt is due by the expiration of the term for which it had been contracted. *Civil Code of Lou.*, 430, *Art.* 18. And the surety, having this right of action, cannot claim an exoneration from his obligation, except under certain circumstances. *Cooly vs. Lawrence*, 4 *Mart.* 639. The creditor is only subjected to the cession of his actions by a mere principle of equity, not having contracted any precise obligation to the other debtors and sureties, to preserve them. It is sufficient that he act with good faith; that is, that he do nothing contrary to his obligation; and he ought not to be answerable for mere negligence. 2 *Pothier on Obligations*, n. 520,

---

to that effect, made at or prior to its delivery to the payee, becomes, in legal effect, a joint and several maker, and may be sued as such by any subsequent holder; and that his liability is the same as if he had signed a joint and several note. *Lequeer et al. vs. Prosser*, 1 *N. Hill*, 256.

Lane *vs.* Levillian.

*in finem.* From which authority, it is evident that mere negligence on the part of the creditor will not exonerate the surety, although thereby some privilege be lost to the latter. *Cooly vs. Lawrence*, 4 *Mart.* 311.

And if a surety, when sued, would avail himself of the plea of discussion, he must tender a specific sum, to meet the expenses of the discussion, and specifically point out the property of his principal to be discussed. 1 *Ev. Pothier*, 235. A person may engage as surety for any obligation whatever. *ib.* 225. A person may become surety, not only for an engagement already contracted, but for one to be contracted in future. *ib.* 227.

According to the law which was in force before the *Novel* 4 of Justinian, the creditor could demand of the surety the payment of what was due to him, before applying to the principal debtor. That novel allowed to sureties the exception of discussion, or of order, by which they could compel the creditor who demanded from them the payment of the debt, to discuss in the first place the goods of the principal debtor. *ib.* 232. The creditor is only obliged to discuss the principal debtor, before proceeding further against the surety, when the surety demands it, and opposes the exception of discussion. Therefore, *although the creditor has not discussed the principal debtor*, his demand and suit against the surety are regular, until the surety opposes the exception of discussion. The Judge cannot, *ex officio*, ordain this discussion. This exception of discussion is merely dilatory, as it tends merely to suspend and delay the action against the surety until after the discussion, and not to exclude it entirely. It must therefore be opposed before the contestation of the cause; as, by contesting the principal demand without opposing the exception, he is held to have renounced the exception. *ib.* 234, 235. The creditor could not, in France, be compelled to discuss property out of the kingdom, or in litigation, or hypothecated. *ib.* 235. The discussion is to be made at the risk and cost of the surety; and the creditor may require him to furnish him with money therefor. *Curtis vs. Martin*, 5 *M. R.* 674. *Delazeny vs. Blanque's Syndics*, 6 *M. R.* 562. *Thibodeau vs. Patin*, 1 *Mart. N. S.* 478. *Baldwin vs. Gordon*, 12 *M. R.* 378. *Herries*

Lane *vs.* Levillian.

*vs. Canfield,* 9 *M. R.* 385.   *Robecha vs. Folse et al.* 11 *L. R.* 136.
*Banks vs. Brander et al.* 13 *L. R.* 276.

This guaranty created the obligation of surety; (1 *Ev. Pothier,* 262); and it is a simple accessary to the obligation of the principal debtor.   It is a pure accession to the original obligation, and has *propriam causam,* as is said: that is, the surety becomes bound in the same manner with the principal, and is responsible, as though he were himself the principal.  1 *Ev. Pothier,* 263.

Apart from all these considerations, it is certain that, on *demurrer,* the first count in the declaration was good.

It is not necessary, in a declaration against a person, on his undertaking to be answerable for, or to pay, the debt of another, to state an agreement, note, or memorandum, or the terms of any such, or the parties thereto, or that it was in writing, or signed by the defendant; nor is it necessary to do so in the replication to a plea, averring that no agreement, or note, or memorandum, stating the consideration in writing, signed by the defendant, was stated and shown; and that such a plea was bad on special demurrer.

It is not matter of objection to such a declaration, that the consideration for such collateral undertaking, as set out, is inadequate; for it is not necessary to state a full and adequate consideration, to maintain assumpsit on the promise and undertaking.   A good and valuable consideration in law, whether full and adequate or not, is all that is necessary to state for that purpose.   And further, it is not necessary, in such a declaration, to aver a request made to the party himself, in the first instance, to pay the debt, before the guaranty was resorted to: at least, an averment that he had neglected and refused to repay the money, is sufficient for the purpose of maintaining the action against the guarantor.

All these are matters of *evidence,* unnecessary to be stated in the pleadings.   "Evidence is not set out in pleading on the record." *Lilly et al. vs. Hewitt,* 11 *Price,* 494.

*Trapnall & Cocke,* contra.

Where a guaranty contains express stipulations, by which a guarantor binds himself to a direct payment of the money, his undertaking

Lane *vs.* Levillian.

is absolute, and no demand or notice is necessary. So where the guaranty or promise, though collateral to the principal contract, is made at the same time with it, and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and no notice is necessary. But in case of a general guaranty, forming no inducement to the credit given to the principal debtor, and containing no stipulations binding the guarantor to the direct payment of the money, the promise is collateral and conditional, and demand and notice are necessary. *Ringgold, Adm'r, vs. Newkirk & Olden*, 3 *Ark. Douglass et al. vs. Reynolds*, 7 *Peters*, 113. *Sage vs. Wilcox*, 1 *Conn.* 81.

If the contract is merely *collateral*, it cannot be changed into an absolute engagement, by the mere fact that the note was over due at the time when the guaranty was made.

The weight of authority is in favor of this position. *Lee vs. Dick*, 10 *Peters*, 496, so far as it conflicts with this view, contains but *obiter dicta*, the point not being directly presented.

Where the guaranty is *general*, containing no express stipulations which make it *absolute* in the first instance, whether it be of a special demand by note or other evidence of debt, or not, the authorities hold demand and notice indispensable. See cases above cited, and *Phillips vs. Astling*, 2 *Taunt.* 206. *Cannon vs. Gibbs*, 9 *Serg. & R.* 202. *Oxford Bank vs. Haynes*, 8 *Pick.* 423.

*By the Court*, LACY, J.

There can, we think, be no question but that the demurrer in this case was improperly sustained. It was a general demurrer to the whole declaration, which contained three counts: two of them are unquestionably good, and the demurrer as to them should have been overruled. The action was commenced and determined under our Territorial statutes; and, of course, the common law rule upon the subject stood then in full force. And the doctrine upon the point is well settled, that where there are good and bad counts in the same declaration, and there is a general demurrer filed, judgment shall be taken upon the good counts, without regard to the bad. *Duppa vs.*

*Nayo*, 1 *Saund. Rep.* 226. *Bressey vs. Humphries*, *Cro. Jac.* 557. *Com. Dig. Pleader*, 2, 3.

The most important question in this cause arises upon the first count, which charges the defendant below upon a guaranty, in which no demand or notice is alleged to have been given. On the 27th January, 1829, Thomas B. Franklin executed his note to B. Lane & Co. for $809 61, payable upon the 1st of May following. And the declaration alleges, that the defendant, upon the 17th of June, 1829, by his endorsement upon the back of the note, in consideration of one dollar, guaranteed the payment of said note. The guaranty was entered into in the city of New-Orleans. It is well settled, that the law of the forum where the contract was made, must govern its obligations. Upon this state of facts, the point to be decided is, could the plaintiff charge the defendant, without averring demand upon the original debtor, or showing some legal excuse for failing to make such demand, and notifying the guarantor of the non-payment of the debt? or, in other words, is this a conditional or absolute guaranty?

In the authorities on the subject of guaranties, there is a good deal of seeming, and some irreconcilable, contradiction in the cases. The difficulty does not seem to lie so much in the principles as stated, as in their application to the facts in controversy. By the general principles of law, the guarantor is only collaterally liable, upon the failure of the principal debtor to pay the obligation. A demand upon him, and a failure upon his part to perform his engagements, are indispensable in such cases, to constitute a cause of action; and the authorities upon this point are full, and can admit of no question. In such cases, the guaranty is held to be a collateral or conditional contract, arising out of the original obligation. *Douglass et al. vs. Reynolds et al.* 7 *Peters*, 113. *Hunt vs. Adams*, 5 *Mass.* 358. *Oxford Bank vs. Hayne*, 8 *Pick.* 423. *Phillips vs. Astling*, 2 *Taunt.* 206.

The engagement of a guarantor is generally founded on some new or independent consideration, growing out of the original obligation, except in those cases where it is given at the time of the contracting of the principal debt, and is necessarily connected with it. *Seward vs. Vrederburg*, 8 *John.* 29. *Dewolver vs. Debaurd*, 1 *Peters*, 476. 3 *Kent's Com.* 86.

Lane *vs.* Levillian.

Where a party gives a continuing guaranty, or where it relates to future transactions, the general rule upon the subject is, that the guarantor has a right to know whether his guaranty has been accepted, or to what extent he may be liable; and, in such cases, demand and notice are necessary, to charge him. The reason is, that his agreement is collateral or conditional, and so both parties understand it to be; and his liability does not accrue, unless he who receives the benefit from it, fixes it by demand and notice. The guarantor is liable upon the expressed or implied condition, that due and proper diligence would be used to promote payment from the original obligor. *Warrington vs. Furlur*, 8 *East.* 340; *Phillips vs. Astling*, 2 *Taunt.* 206; *Oxford Bank vs. Hayne; Bank of New-York vs. Livingston*, 2 *J. R.* 409; and *Cumston vs. McNair*, 1 *Wend.* 457—all establish this principle, and turned upon guaranties on bills of exchange or promissory notes *not then payable*, but which would be duly honored and paid thereafter. In these cases, demand and notice were held necessary, upon the principle that certain legal steps were to be taken and pursued by the creditor, (cases of insolvency excepted), to give effect to his guaranty. The rule, however, is changed, when the debt which is the subject of the guaranty, has become due and absolute before the guaranty is given. The creditor is not required then to take any legal steps to perfect his claim on the principal debtor. It was made perfect before the guaranty given, and the law holds the guarantor cognizant of that fact. His undertaking is not treated or considered as a secondary or collateral liability, but as a primary and positive agreement, by which he binds himself to see that the principal debt is paid. This dispenses with the necessity of demand and notice. It is upon this principle, that when a guaranty is entered into that the original debt shall be paid upon a particular day, it is the duty of the guarantor to see that it is paid upon that day; and, in such cases, he is chargeable, without demand and notice. And so it was held in *Breed vs. Hillhouse*, 7 *Col. Rep.* 523, where the guaranty was held for the payment of the note within four years from its date; and in *Lee vs. Dicks*, 10 *Peters*, 496, the Supreme Court of the United States says: "There are many cases where the guaranty is of a specific existing demand, by a promissory note or other evidence of debt; and

in such cases, the guaranty is given upon the note itself, or with reference to it, or recognition of it, where no notice would be necessary. The guarantor, in such cases, knows positively what he guarantees, and the extent of his responsibility; and any further notice to him would be useless." The whole doctrine upon this subject will be found reviewed in *Reed vs. Cutts,* 2 *Green.* 189; in which most of the leading cases are collated and commented upon; and the rule there established is in accordance with the one we have before stated. Indeed, all the later cases seem to tend to dispense with demand and notice, unless the guarantor's liability is shown, either by his express contract or by its necessary implication, to be a collateral agreement: provided, the creditor's delay be unaccompanied by fraud, or an agreement not to prosecute the principal debtor without the assent of the security. This is the doctrine of the common law upon the subject; and the civil law certainly does not hold a party, we think, to greater strictness as to demand or notice.

According to the Louisiana code, suretyship is an accessary promise, by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not. *Hayne vs. Manfield,* 9 *Mar.* 385. *Astor vs. Morgan,* 2 *Mar.* 353.

The obligation of a security towards a creditor, is, to pay in case the debtor does not satisfy the debt; and the property of such debtor is to be previously discussed and seized, unless the security should have renounced the plea of discussion, or should be bound *in solido. Lou. Code, Art.* 3014. That the creditor is not bound to discuss the principal debtor's property, unless he should be required to do so by the surety, on the institution of proceedings against the latter. *ib.* 3015.

From these provisions of the civil code of Louisiana, and the principles applicable to them, as settled by the Supreme Court of that State, we entertain little or no doubt that, upon a guaranty after the note has become due, and the right of action being perfect against the original debtor, the surety's obligation is an absolute agreement to pay the debt, in case the original debtor does not; and, in such case, he will be held liable, without demand or notice. The principle here stated, we think, is clearly distinguishable from the rule laid down in the case of *Ringgold vs. Newkirk & Oldem,* decided at the July term

of this Court, 1840.  3 *Ark. Rep.* 107.  That case must be construed, like all others, in reference to the particular facts before the court; and any general or unqualified expressions found in the opinion, must be restricted and limited to the sense in which they were intended to be used by the court, in relation to the subject matter before it.  The court, in that case, considered the guaranty given, as looking to a future transaction, in securing the payment of a bill of goods delivered, but which was to be paid at some future period; and, therefore, they held demand and notice necessary to charge the guarantors.  Whether or not the two cases are reconcilable with each other, is a matter of but little moment, in comparison with our desire to find out and establish the true rule upon the subject.  We feel ourselves constrained, by the weight of authority, to affirm the principle before laid down, that where a party guarantees a note already due, and the creditor has committed no act either of fraud or culpable negligence, whereby he discharges the guarantor, that, in such a case, both common and civil law hold demand and notice to be unnecessary.  This rule unquestionably proves that the court below erred in sustaining the demurrer to the first court.

Judgment reversed.