FRIEND *v.* SMITH GIN COMPANY.

Opinion delivered April 28, 1894.

1. *Jurisdiction of circuit court—Contracts.*

While the circuit court has no jurisdiction of a suit to collect four several notes, each for less than one hundred dollars, though their aggregate amount exceeds that sum, it has jurisdiction of a suit for breach of a contract guarantying their punctual payment.

2. *Principal and surety—Delay in suing debtor.*

An agreement by an agent "to guaranty" the punctual payment of all notes that he should take for his principal is absolute and unconditional, and carries with it the liability of an original undertaking; and in such case neither delay, on the part of the principal, in suing the makers of the notes, nor his refusal to accept certain security for their payment, tendered by the maker after default, although he was advised to do so by the agent, will discharge the latter.

3. *Foreign corporation doing business in this State—Presumption of innocence.*

In a suit on a contract brought by a foreign corporation not authorized to do business in this State, if it does not appear where the contract was executed, it will be presumed that it was executed in another State, and that the corporation has not violated the laws of this State.

Appeal from Lee Circuit Court.

GRANT GREEN, JR., Judge.

Smith Sons' Gin & Machine Company brought this action against Mary E. Friend, as administratrix of the estate of E. F. Friend, deceased. The facts are stated by the court as follows : This action was instituted and determined in the Lee county circuit court, at its spring term, 1891, resulting in a judgment in favor of the plaintiff company against the defendant, as the administratrix of the estate of her deceased husband, E. F. Friend (against whom this action was instituted), for the sum of $310 and costs. From which judgment defendant appealed.

E. F. Friend, a citizen of Lee county, on the 8th May, 1889, entered into a contract with appellee company, acting through its treasurer and lawful agent, E. L. Smith, to become its agent to sell its gins, feeders, condensers and other machinery in that line, in the territory of Lee county ; the appellee company being a corporation organized and operating under the laws of the State of Alabama, with domicile at or near the city of Birmingham, in that State, and not having complied with the provisions of the act of the General Assembly of this State, approved April 4, 1887, which required foreign corporations, as a condition upon which to do business in this State, to cause the certificate of its president to be filed in the office of the Secretary of State, designating an agent, a citizen of this State, upon whom process may be served, and also its principal place of business in the State, and, on failure to do so, all its contracts with citizens of the State to be void.

The contract of agency stipulates the commissions to be paid the agent ; the manner of sales on credit ; and that the agent, Friend, *should guaranty the punctual payment of all notes he should take, by proper endorsement of the same.* This was made upon a consideration expressed.

Friend made a sale in September, 1889, to J. R. and J. A. Vineyard of said county, for the aggregate sum of $357, one-fourth in cash, one-fourth due by 1st November, 1889, and one-fourth January 1, 1890, and one-fourth November 1, 1890—all bearing ten per cent. per annum interest from date until paid. The contract required him to sell for cash, when practicable, and when he should sell on a credit, it should be to good and responsible men, one-fourth due November 1. 1889, one-half due January 1, 1890, and one-fourth due November 1, 1890—all to bear 10 per cent. interest from date. Friend failed to endorse these notes according to his agreement, but immediately forwarded them to the company at Birmingham, as was provided in his contract. The company at once returned them for his endorsement. This communication he never answered, but kept the notes for collection, until some time in January, 1891, when they were demanded of him by the company through their State agent, J. G. W. Smith, and surrendered to him.

Nothing having been paid on the notes, one of the Vineyards having died leaving no estate, and the other being insolvent, this suit was brought upon the guaranty of Friend.

The property sold to the Vineyards, as stipulated in the notes, was to remain the property of the vendor until fully paid for, and, on default of the payment of either note, the others remaining unpaid might become due at the option of the holder. The property was shipped from Birmingham "f. o. b." (free on board the cars), on the order of Friend as agent selling the same, and the vendees were to pay all freights from points of shipment to points of destination. Other facts will be noticed in the opinion, should it become necessary to do so.

*Brown & Robertson* for appellant.

1.   The judgment is void for want of jurisdiction of the subject matter.   Each of the notes was less than :$100, and maturing on different dates.   35 Ark. 287 ; 24 *id*. 177 ; 1 *id*. 252 ; 3 *id*. 494.

2.   The action is for damages *ex contractu;* and if plaintiff's negligence or want of diligence in prosecuting its claims against the Vineyards was the cause of, or contributed to, the damages claimed, Friend was not liable except for such damages as sprung *directly*, not remotely, from his failure to indorse his guaranty on the notes.   30 Pac. Rep. 497.

3.   The contract could not be enforced.   Plaintiff was a foreign corporation doing business in Arkansas, without complying with the acts of Arkansas.   Acts 1887, p. 234 ; 113 U. S. 728 ; 7 So. Rep. 200 ; *ib*. 201.

4.   The instructions were confusing, misleading, contradictory and irreconcilable.

*McCulloch & McCulloch* for appellee.

1.   The allegation of an offer on the part of Vineyard, after the maturity of the debt, to give security upon a further extension of time, and, the refusal of plaintiff to accept same, tenders no defense.   Colebrooke Col. Sec. sec. 261; Brandt on Sur. & Guar. sec. 86; 25 Ala. 139 ; Tied. Com. Paper, sec. 421.   When the undertaking is simply to guaranty the ultimate payment of the remainder of the principal obligation, after all available remedies against the principal have been exhausted, before suit can be maintained against the guarantor it must appear, either that there has been judgment and execution against the principal, or that he is notoriously insolvent ; but where the contract is for the absolute guaranty of the payment of the debt at maturity, the liability of the guarantor is complete at maturity upon failure of the principal to pay.   22 Ark. 540 ; Brandt, Sur. & Guar. secs. 170–1–2 ; Tied. Com. Pap. secs. 416,

420–1 ; Addison, Cont. sec. 1126 ; 107 N. C. 707 ; 53 Conn. 454 ; 55 *id.* 251 ; 12 Pet. 497 ; 26 N. H. 249 ; 10 Iowa, 193 ; 1 Cush. 473 ; 22 Ala. 659 ; 25 Ala. 139 ; 10 Rich. Law, 543 ; 7 Greenleaf, 186 ; 20 Johns. 365 ; 9 S. & R. 198 ; 3 Halstead, 262 ; 23 Minn. 485 ; 39 Am. Rep. 220 and notes ; Colebrooke, Col. Sec. see 262.

2. This is not an action on the notes, but on the contract as an entirety, and the court had jurisdiction.

3. The case of *Gunn* v. *White S. M. Co.* 57 Ark. 24, settles the question raised as to the act of April 4, 1887.

BUNN, C. J. (after stating the facts.) The appellant assigns four several errors, for which she contends that the judgment of the court below should be reversed. They are as follows, to-wit :

"1. The judgment of the lower court is void for want of jurisdiction of the subject matter.

"2. It is erroneous, and should be reversed, because this is an action sounding in damages *ex contractu* as against Friend, and if the plaintiff's negligence or want of diligence in prosecuting by all lawful methods its claims against the Vineyards was the cause of or contributed to the damages claimed, then Friend should not be held liable, except for such damages as the proof shows sprung directly, not remotely, from his failure to indorse his guaranty on the Vineyard notes.

"3. The judgment should be reversed, because the proof showed, beyond all doubt or cavil. that the plaintiff, as a foreign corporation, was doing business in Arkansas without authority, and directly in violation, if not in defiance, of the constitution and statute.

"4. It should be reversed, because some of the charges of the court to the jury were so confusing and misleading that, when taken in connection with the evidence, no jury, no matter to what degree of astuteness and learning it may have attained, could bring orderly

construction out of chaotic confusion. We say this without intending any disrespect to his honor, the circuit judge."

As to the first assignment of error: This court has, time and again, held that jurisdiction cannot be given the circuit court by a combination of distinct claims, each within the exclusive jurisdiction of a justice of the peace, and that rule is too well settled to be now disturbed. But this is not a suit upon the notes mentioned. They are only brought in to show their non-payment, and their identity with notes referred to in the written guaranty of Friend. The suit is for a breach of *that guaranty*, and the measure of damages is the amount of said notes remaining due and unpaid, and this unpaid amount appears to be within the jurisdiction of the circuit court. Hence there was no want of jurisdiction in the circuit court to hear and determine this cause.

1. Jurisdiction of circuit courts.

The second assignment of error is to the effect that, the suit being for a breach of the contract of guaranty, Friend, the guarantor, is only liable for such damages as grow out of his failure *to endorse the notes;* and that, in so far as plaintiff, by its negligence, laches and want of proper effort to collect the notes, has contributed to the damage, he, Friend, ought not to be held liable.

2. Surety not discharged by mere delay.

The error in this statement is twofold—one of law, and the other of fact, as we view the facts. Friend's failure and refusal to endorse the notes do not constitute the gravamen of the charge against him in this action. He is sued for a breach of guaranty, in *this:* that he has failed to have the notes *punctually paid*, according to the tenor of his contract, when they fell due. There is no question here as to the character of his guaranty. It is absolute and unconditional, and, as we view it, carries with it all the liability of an original undertaking. *Cobb* v. *Little*, 2 Greenleaf, 261; *Allen* v. *Rightmere*, 20 Johnson, 365; *Mathews* v. *Chrisman*, 12 S. & M. 595.

At all events, no error is assigned that there was a failure to observe any of the prerequisites to the institution of suit usually attendant upon conditional guaranties. If the guaranty is claimed to be otherwise than absolute and unconditional, the observance of such prerequisites has been waived, perhaps, in view of the connection the agent and deceased defendant, Friend, had with the notes from the beginning, and also of the insolvency of the makers. *Skofield* v. *Haley*, 22 Me. 164; *Janes* v. *Scott*, 59 Pa. St. 178; *Beebe* v. *Dudley*, 26 N. H. 249. And in fact it appears that all conditions were substantially complied with, even although it may not have been necessary. The obligation to endorse the notes was only to do something evidentiary in its character.

Again, one of the contentions of defendant is that plaintiff refused to take certain security for the payment of the notes tendered by the survivor of the makers after the notes had all become due, notwithstanding the advice of its agent, Friend, so to do. We know of no law requiring a creditor to accept such a tender. *Fellows* v. *Prentiss*, 3 Denio, 512; *Hunt* v. *Smith*, 17 Wendell, 179.

As matter of fact, there does not appear to have been any particular negligence or laches on the part of the plaintiff; and, if there were such, the fault is as justly laid at the door of its agent, the original defendant in this case, who had possession of the notes for the purpose of collecting them. Nor do we find that any extension of time was given the makers of the notes. There was delay, it is true, and an evident disposition not to push these makers; but this seems not to have been communicated to them, and, besides, it appears, inferentially at least, to have been the result of consultation between plaintiff and its agent, Friend—at least a non-action concurred in by both for reasons existing at the time. Be that as it may, mere delay to bring suit does not release a guarantor. *Read* v. *Cutts*, 7 Green-

leaf, 186; *Newcomb* v. *Hale*, 90 N. Y. 326. It does not appear to us that there is anything to lessen the defendant Friend's liability in the conduct of the plaintiff.

As to the third assignment, it does not appear where the contract of agency and guaranty in this case was executed, and, as to that, we can but apply the rule announced by this court in *Railway Co.* v. *Fire Association*, 55 Ark. 163, the presumption being that there was no violation of law.* **3. Presumption of innocence.**

There are some verbal inaccuracies, and perhaps inconsistencies, in the instructions of the circuit court, but, as the verdict and judgment upon the whole case seem to be right, we do not deem these defects material.

Judgment affirmed.