### GEORGE F. WRIGHT v. EDWARD McKITRICK.
#### No. 92.

1. PROMISSORY NOTE—*no Consideration—Burden of Proof.* When the defendant to an action on a note pleads want of consideration, and it appears that the note was executed by the defendant in favor of the plaintiff for the surrender and cancellation of another note for the same amount held by the plaintiff against defendant's father, the burden is upon the defendant to show the invalidity of the first note, and its consequent insufficiency as a consideration for the second.

2. ———— *Sufficient Consideration.* It is not necessary that one be originally liable for a debt which he agrees in writing to pay, when the assumption of the liability is not a mere naked promise, and is supported by a sufficient consideration.

3. ———— *Insufficient Defense.* It is no defense to an action on a promissory note for the maker to say that there was no consideration which was beneficial to him personally; it is sufficient if the consideration was a benefit conferred upon a third person, or a detriment suffered by the promisee, at the instance of the promisor.

MEMORANDUM.—Error from Ellsworth district court; W. G. EASTLAND, judge. Action on a promissory note by George F. Wright against Edward Mc-

Kitrick. Judgment for defendant. Plaintiff brings the case to this court. Reversed. Opinion herein, filed February 14, 1896, states the material facts.

*Ira E. Lloyd*, for plaintiff in error.

*R. W. Carter*, for defendant in error.

The opinion of the court was delivered by

GARVER, J.; This was an action brought by the plaintiff in error, as plaintiff, on a note executed by the defendant, McKitrick, in favor of the plaintiff. The defense set up was want of consideration. The note was given to the plaintiff for another note held by him for the same amount against J. T. McKitrick, father of the defendant, and which J. T. McKitrick had executed on account of professional services rendered by the plaintiff, as a physician, in attendance upon Mrs. Ben Fowle in her last sickness. After her death, her father, J. T. McKitrick, was appointed executor of her will, and had charge of the administration of her estate. After he had qualified as executor, he gave his personal note to the plaintiff for $135, payable in one year, "provided it shall then be determined, after reasonable effort and due diligence on the part of said Wright, that the estate of Ella McK. Fowle, deceased, is not responsible for the bill for which this note is given." Upon the trial, there was a conflict of evidence as to whether J. T. McKitrick had employed Doctor Wright to attend Mrs. Fowle, and, therefore, was personally liable for the services, or whether the note given by him, as well as the note sued on, was without consideration. Under the instructions of the court, the jury found for the defendant.

The principal contention in the case is as to the

consideration of the notes.    While the court presented to the jury the same legal proposition in different ways, the following portion of the instructions is sufficient substantially to show the matters of which complaint is made :

"10.  You are instructed that if you find and believe from the evidence in this case that the original note given by J. T. McKitrick to the plaintiff was given without consideration — that is, for services already rendered before that time, and that the same were not rendered at the request of J. T. McKitrick, but were rendered for and at the request of one Fowle ; and you should further find and believe from the evidence that the note sued upon in this action has no consideration for its execution other than the surrender of the original note, then the plaintiff cannot recover, unless you shall believe and further find from the evidence that the note sued upon in this action was given by the defendant with full knowledge of all the facts, and in satisfaction of a disputed claim between plaintiff and J. T. McKitrick as to the liability of J. T. McKitrick for the medical services rendered by plaintiff in and about the medical attendance of said Ella Fowle.''

The inquiry concerning the consideration of the first note should not have been confined to such narrow limits.    The court virtually held that there was no legal consideration for it, unless the maker was originally personally liable for the debt for which it was given.    Under the facts of this case, such a holding was clearly erroneous ;  for there are various other matters which may have entered into the transaction between the parties, and furnished a sufficient consideration for the promise of J. T. McKitrick to pay the claim.    It must be remembered, too, that these were contracts in writing, for which the law presumes a sufficient consideration ; and the burden is upon the defendant to overcome that presumption.    As it

is admitted that the surrender of the first note was the consideration for the note in suit, and the presumption of law, as to consideration, attaches to both notes, the defendant must show the want of consideration for the first note. (*Sullivan v. Collins*, 18 Iowa, 228; *Gunning v. Royal*, 59 Miss. 45.) Upon the trial, the defendant rested his defense upon the mere fact that the debt was originally not the personal debt of J. T. McKitrick, and argued that each note was therefore without consideration. In this respect he fell short of establishing his defense.

There must of course have been a legal and sufficient consideration for the first note. But it is not necessary, as was assumed by the court in the instructions, that the services should have been rendered at the special request of the maker of the note, or that any special benefit should have accrued to him; any forbearance given, or detriment or loss suffered by the payee, was sufficient. If J. T. McKitrick thought it was for the interest of the estate or would result in some benefit to himself to have this, as a claim against the estate, disposed of in a different manner from that ordinarily followed under the law, and, as an inducement for the foregoing of some proceeding or right which the law gave the claimant, personally promised in writing to pay the debt, there would be a sufficient consideration to support the obligation thus incurred. The court properly held that a naked promise to pay a debt owing by the estate, or other person, for which J. T. McKitrick was not personally liable, would not create a legal liability. It is not necessary, however, that a claim should be a strictly legal one in order that a note given in settlement thereof may be enforced; it is enough that it have some foundation in law or equity, though the legal liability be doubtful.

(*Mulholland v. Bartlett*, 74 Ill. 58; *Foster v. Metts*, 55 Miss. 77; *Harris v. Cassady*, 107 Ind. 158; *Tucker v. Ronk*, 43 Iowa, 80.)

We do not pretend to say what consideration there might be in this case, even if it was a promise to pay the debt of another; and only make mention of some matters that could have entered into the transaction to show that there might have been a consideration other than that to which the court limited the inquiry.

If the first note was given for a sufficient consideration, it necessarily follows that the defendant's note, which was given in lieu of it, created a valid and binding obligation, without regard to his knowledge of the facts as they existed between Wright and J. T. McKitrick, unless he was misled with reference thereto by the plaintiff.   Upon this proposition, also, the instructions of the court were erroneous.   In determining whether the surrender of the J. T. McKitrick note was a sufficient consideration for the execution of the note in suit, the court should inquire not merely who was originally liable for the plaintiff's services; but the principal inquiry should be to ascertain whether there was a legal and sufficient consideration of any kind for the original note.

It follows from what has been said that the judgment must be reversed, and the case will be remanded for a new trial.

All the Judges concurring.