68   423
71   588

BRADDOCK v. WERTHEIMER.

Opinion delivered November 17, 1900.

PROMISSORY NOTE—GUARANTY.—Demand and notice are not necessary to
hold the guarantor of a note liable where nothing remains to be done
on the part of the guarantee to perfect his rights as against the maker
of the note, the guarantor's liability being absolute and not collateral.
(Page 425.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*De E. Bradshaw* and *E. B. Braddock*, for appellant.

In the absence of proof to the contrary, the presumption
is that the common law prevails in a sister state.    10 Ark. 169.
The best evidence of the statutes of Ohio would have been the
statutes themselves.    Sand. & H. Dig., § 2875.    The usual and
best mode to prove the unwritten laws, customs or usages of
a foreign state is by introducing some one familiar therewith.
1 Gr. Ev. § 488.    The demurrer should have been sustained.
Demand and notice were necessary.    14 Oh. St. 246; 2 Ohio,
431; 2 Dan. Neg. Inst. § 1753; 4 Oh. St. 263.    As to what
constitutes a guaranty, see: 3 Kent's Comm. 121; Dan. Neg.
Inst. § 1753; 2 Pars. B. & N. 117.    A guarantor's liability is
only secondary.    52 Pa. St. 525; 11 Oh. St. 188.    For distinc-
tions between liability of guarantors and that of sureties or
joint makers, see: 2 Dan. Neg. Inst. § 1753; 2 Rand. Comm.
Pap. 849.    A guarantor's contract is to be strictly construed,
and any variation will discharge him.    Rand. Comm. Pap. § 852;
5 Hill, 634; 104 N. Y. 441.    On a guaranty of "collection"
of a note, notice of default is necessary to bind the guarantor.
Fed. Cas. No. 4909; 19 N. Car. 222; 23 Minn. 485; 10 Ia.
193; 16 Cal. 152.    And, to the extent of his damage, the guar-
antor is discharged by failure of such notice.    13 Cal. 579;
50 Cal. 254; 8 Cush. 156; 12 Gray, 260.    Even guaranties of
"payment" of notes are often held conditional upon proper

demand and notice. 19 N. Car. 222; 13 Cal. 179; 5 Cal. 138. Appellee's recovery is precluded by his laches. 30 Hun, 226; 35 N. W. 644; 9 Am. & Eng. Enc. Law, 799. The Ohio decisions introduced in evidence are not applicable.

*Cantrell & Loughborough*, for appellant.

The *lex loci* governs as to the validity, nature, interpretation and effect of contracts of guaranty. 3 Ark. 96; 6 Ark. 142; 22 Ark. 125; 25 Ark. 261; 40 Ark. 423; 44 Ark. 213; 46 Ark. 66; 47 Ark. 54; 61 Ark. 329; 20 Wis. 410; 14 Vt. 147; 4 Mich. 450. The objection to the competency and sufficiency of the Ohio decisions, introduced in evidence, comes too late, not having been specified on the trial. 58 Ark. 373; 58 Ark. 389; 60 Ark. 87; 60 Ark. 342; 9 Ark. 233. As to what was the *lex loci*: 19 Oh. St. 551; 31 Oh. St. 15; 4 Oh. St. 263; 14 Oh. St. 246. Notice was not necessary, upon general principles of law irrespective of the *lex loci*. 59 Ark. 91; Baylies, Sur. & Guar. 200; 1 Brandt, Sur. & Guar. 199; 4 Day, 444; 7 Conn. 523; 58 Ga. 54; 68 Ill. 604; 79 Ill. 63; 21 Oh. St. 86; 10 Ia. 193; 69 Ind. 356; 70 Ind. 274; 111 Ind. 308; 1 Duval, 83; 2 Sm. & M. 147; 71 Mo. 91; 56 Mo. 276; 61 Mo. 409; 56 N. H. 34; 15 Wend. 502; 10 J. & S. 517; 24 Wend. 35; 2 N. Y. 227; 104 Pa. St. 330; 1 Rich. Law, 281; 3 Yerg. 330; 10 Humph. 37; 13 Vt. 93; 27 Vt. 539; 20 Vt. 500; 28 Vt. 175; 3 Primey, 443; *ib.* 452. For the rule of construction of absolute guaranties, see: 14 Am. & Eng. Enc. Law (2d. Ed.) 1143; 2 Dan. Neg. Inst. § 1781.

BATTLE, J. On the 4th of September, 1890, at Mount Vernon, Ohio, W. H. Mitchell, executed to John S. Braddock three promissory notes, each for the sum of one hundred dollars, payable to the order of Braddock at his office in Mt. Vernon, Ohio, and due, respectively, in two, three and four years after date. Subsequently, and before the maturity of the notes, Braddock sold and assigned them to M. Wertheimer, and indorsed upon each of them a guaranty as follows: "I assign the within notes to M. Wertheimer, and guaranty collection and payment thereof when due. [Signed] J. S. Braddock." Mitchell did not pay the notes. On the 4th of April, 1898,

Wertheimer instituted an action on the guaranties on these notes before T. W. Wilson, a justice of the peace of Pulaski county, and recovered judgment. Braddock appealed to the circuit court, where judgment was rendered against him; and he appealed to this court.

The appellee, to sustain his action, read as evidence, on the trial, the notes and guaranties sued on; and also read as evidence, over the objection of appellant, *Clay* v. *Edgerton*, 19 Ohio St. Rep. 551, *Neil* v. *Board*, 31 Ohio St. Rep. 15, and *Kautzman* v. *Weirick*, 26 Ohio St. Rep. 330, to prove that, according to the laws of Ohio, no demand by appellee upon Mitchell, the maker of the notes, for payment thereof, and notice to Braddock of the non-payment, were necessary to render appellant liable for the payment of the notes.

"The appellant testified that, shortly after he got the notes from Mitchell, he went to appellee and negotiated the notes to him, and wrote the following indorsement on the notes: 'I assign the within note to M. Wertheimer, and guaranty the collection thereof when due.' Appellee then asked that he be permitted to exhibit said indorsement to his lawyer for advice, which appellant agreed to, and returned with said notes, saying that his lawyer advised that the words 'and payment' should be inserted in said indorsement after the word 'collection' and before the word 'thereof,' and thereupon appellant interlined the said word as requested, and appellee then accepted the notes."

The reading of the opinions of the supreme court of Ohio as evidence was not prejudicial to appellant; for, in the absence of evidence to the contrary, the presumption is that the common law is in force in Ohio.

The only question in the case which demands serious consideration is, was appellant, according to common law, discharged from liability upon his guaranties by any failure of appellee to demand payment of the notes by Mitchell, and to give notice to Braddock of the non-payment? According to the decisions of this court, he was not. The guaranty of the appellant was absolute. Nothing was necessary to be done to fix the liability of Mitchell, the maker of the notes. The rule is that demand and notice are not necessary to hold the guaran-

tor of a debt liable where nothing remains to be done on the part of the guarantee to perfect his rights as against the principal—the maker of the notes in this case. In such cases his undertaking is not treated or considered as a collateral liability, but as a primary and positive agreement, by which he binds himself to see that the principal debt is paid. *Lane* v. *Levillian*, 4 Ark. 76; *Killian* v. *Ashley*, 24 Ark. 517; *Friend* v. *Smith Gin Co.* 59 Ark. 86; *Read* v. *Cutts*, 7 Greenleaf, 186, marginal page.

Judgment affirmed.

BUNN, C. J., dissents.