## LINTON v. CHESTNUTT-GIBBONS GROCER CO.

No. 1148.　Opinion Filed October 10, 1911.

(118 Pac. 385.)

1.　**BILLS AND NOTES—Joint Note—Action—Status of Makers.**
Under the laws in force in the Indian Territory prior to statehood, where a joint and several negotiable promissory note remains in the hands of the payee, the status of the respective makers may be inquired into on trial.

2.　**SAME—Signature to Note—Suretyship.** One signing such a note as principal, jointly and severally with the debtor of a debt then due and owing, is a surety, and not an accommodation indorser.

3.　**PRINCIPAL AND SURETY—Consideration—Extension of Note.**
The extension of a debt, then due, for 30 days is a sufficient consideration for the surety's obligation on such note.

4.　**SAME—Notice of Principal's Default.** Such surety is not entitled to notice of the default or insolvency of his principal; neither is he released by mere delay in bringing suit.

(Syllabus by Sharp, C.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action by the Chestnutt-Gibbons Grocer Company against William E. Linton. Judgment for plaintiff, and defendant brings error. Affirmed.

On November 23, 1905, Wilson & White and William E. Linton, plaintiff in error, signed, "as principal, jointly and severally," a thirty-day negotiable promissory note in the sum of

$179.19, payable to the Chestnutt-Gibbons Grocer Company, defendant in error, at its office in Muskogee, upon which partial payments were made, reducing the amount outstanding to $60, for which amount this action is brought on appeal from the mayor's court, upon a statement of facts involving the legal effect of giving such note for a debt of Wilson & White, then due, of partial payment by them thereupon, of the death of one of said firm after the note became due, the insolvency of such firm, and the want of notice of nonpayment, and the bankruptcy of said firm; such notice first being given to plaintiff in error July 21, 1906.

*Maxey, Leahy & Campbell,* for plaintiff in error.

*Irwin Donoven,* for defendant in error.

Opinion by Sharp, C. (after stating the facts as above). While plaintiff in error signed this note as principal, jointly and severally, since it has never been negotiated, undoubtedly he should be held as surety for the debt then due from Wilson & White to defendant in error. Pingree on Suretyship & Guaranty, 41; *Killian v. Ashley,* 24 Ark. 518, 91 Am. Dec. 519; *Vestal v. Knight,* 54 Ark. 97, 15 S. W. 17; *Stovall v. Adair,* 9 Okla. 620, 60 Pac. 282.

The engagement of plaintiff in error is in no sense that of accommodation indorser, but of suretyship—a primary obligation, in consideration of indulgence to the debtor, to pay the debt of his principal. Black's Law Dictionary, "Suretyship;" *Rice v. Dorrian,* 57 Ark. 541, 22 S. W. 213; *Nathan v. Sloan,* 34 Ark. 524; *Killian v. Ashley,* 24 Ark. 518.

This note was given "for an existing debt owing and due," which is a sufficient consideration for its execution, when combined with a thirty-day extension to the debtor, the forbearance for that length of time by the creditor, and the payment of interest stipulated for in the note. No other consideration except that of indemnity, implied by law, need move to the surety for his contract; that his principal is benefited, or that the creditor gives up something of value, is sufficient. *Doxy v. Exch. Bank,*

19 Okla. 183, 92 Pac. 150; *Willoughby v. Ball,* 18 Okla. 535, 90 Pac. 1017; *Harrell v. Tennant,* 30 Ark. 684; *Rockafellow v. Peay,* 40 Ark. 69; *Wright v. McKitrich,* 2 Kan. App. 508, 43 Pac. 977; *Prentice v. Zane,* 8 How. 470, 12 L. Ed. 1160.

It is needless to cite other authorities, as every treatise on bills and notes lays down this doctrine. In Daniels on Negotiable Instruments, sec. 183, it is said:

"Not only will money, or advances made, or credit given, or work and labor done constitute a consideration sufficient for a bill or note, but receiving a bill or note as security for a debt, or forbearance to sue upon a present claim or debt, * * * or becoming surety or giving an extension of time to an imputed debtor, * * *. will be equally sufficient to enforce his engagement."

That Wilson & White, prior to this action and before their insolvency, reduced this note from $179.19 to $60.00, which partial payments were credited on the note, does not release the surety. There was no extension of time by reason of such payments granted to the principal; and, while the surety's contract is strictly construed in his favor, nothing affecting his obligation has been done in this instance of which he can complain. *Goodnow v. Smith,* 18 Pick. (Mass.) 414, 29 Am. Dec. 600.

Neither is notice necessary in the case of suretyship. It devolves upon the surety himself to know the defaults of his principal. The surety is usually bound with his principal in the same instrument, and is an insurer of the debt. *Lane v. Levillian,* 4 Ark. 76, 37 Am. Dec. 769; *Braddock v. Wehtheimer,* 68 Ark. 423, 59 S. W. 761; *Friend v. Smith Gin. Co.,* 59 Ark. 86, 26 S. W. 374; 1 Brandt, Suretyship, 119; Pingrey, Suretyship, sec. 2; *Rice v. Dorrian,* 57 Ark. 541, 22 S. W. 213; *Heise v. Bumpass,* 40 Ark. 545; *Harris v. Brooks,* 21 Pick. (Mass.) 195, 32 Am. Dec. 254; *Schmidt v. Schmaelter,* 45 Mo. 502; *Buchner v. Leibig,* 38 Mo. 188; *Herrick v. Edwards,* 106 Mo. App. 633, 81 S. W. 466.

Being a surety upon this instrument and primarily liable for its payment, it did not devolve upon defendant in error to give notice, either of the nonpayment or of the principal's insolvency.

Neither will mere delay in bringing suit release the surety. *Friend v. Smith Gin Co.,* 59 Ark. 86, 26 S. W. 374. The surety may pay the debt at maturity, and then himself pursue the creditor's remedies against the principal.

The trial court, having committed no error in holding plaintiff in error liable, the case should be affirmed.

By the Court: It is so ordered.

All the Justices concur.